**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ARIS KARAMYAN

                Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 06-70853

Agency No.  A75 706 897

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 10, 2010
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and MAHAN, District
Judge.**

     Aris Karamyan, a citizen of Armenia, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") denial of his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

      \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      \*\*     The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

8 U.S.C. § 1252, and review adverse credibility findings for substantial evidence. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because there were inconsistencies and discrepancies about petitioner's motivation for applying for a U.S. visa and his fear of political persecution in light of the changed country conditions. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). Karamyan failed to provide a sufficient explanation in response to these concerns and discrepancies. *See de Leon-Barrios v. INS*, 116 F.3d 391, 393-94 (9th Cir. 1997). Further, we defer to the IJ's finding that the incidents related to the divesture of the poultry factory shares were not politically motivated. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1149-50 (9th Cir. 1999).

In the absence of credible testimony, Karamyan failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Karamyan's CAT claim is based on the same testimony, which the IJ found to be not credible. Furthermore, in light of U.S. State Department country reports indicating local authorities prosecuted individuals responsible for the 1999 election violence, Karamyan has failed to demonstrate that it is more likely than not that he

would be tortured if returned to Armenia. *See id.* at 1156-57. Accordingly, his

CAT claim fails.

**PETITION FOR REVIEW DENIED.**